## Young v. Kirk

*Morris L. Shafer*, for plaintiff.
*James C. Lanshe*, for defendant.

HENNINGER, P. J., September 17, 1951.—Plaintiff and defendant were partners in the partnership known

as Young-Kirk Engineering Company. This partnership was dissolved on September 20, 1950, pursuant to a written agreement and assignment on that date in which, inter alia, Young transfers all his rights and property in the partnership and Kirk agrees to hold Young harmless from any liability for existing partnership debts.

In December 1950 Beth-Allen Ladder Company sued the former partnership for $740.64, the price of ladders purchased by the partnership between June 22 and August 9, 1950. Judgment was obtained for $805.19 and execution levied upon the private automobile of plaintiff who was forced to pay the judgment.

This suit is for reimbursement from the continuing partner upon his covenant to save plaintiff harmless from partnership debts.

To the complaint setting forth the foregoing facts, defendant filed an answer admitting the partnership and the dissolution agreement, but denying the allegation that plaintiff had performed his part of the agreement, averring that on the contrary he had contacted partnership customers on his own account.

To the paragraphs referring to the suit by Beth-Allen Ladder Company and plaintiff's forced payment of their judgment, defendant answered, "The allegations contained in paragraph 6 (and 7) of the plaintiff's bill of complaint, are neither admitted nor denied, for the reason that the defendant has no knowledge thereof, and, if pertinent, proof thereof is demanded."

Plaintiff has filed preliminary objections by way of a motion for judgment on the pleadings, contending that the general denials in paragraphs 6 and 7 are admissions and that the denial of plaintiff's performance of the dissolution agreement is no defense.

Taking the denial of plaintiff's allegations that he has fulfilled the partnership dissolution agreement

first, we note that there is no provision therein that plaintiff shall not approach former partnership customers. In his brief, counsel for defendant intimates that that provision was oral, but the answer does not so state and therefore we are not required to pass either upon the sufficiency of the statement of that defense or the effect of such breach, if it existed.

Pennsylvania Rule of Civil Procedure 1029($c$) is overgenerous in its permission to a defendant to deny knowledge and therefore its provisions should be strictly observed. It provides as follows:

"An averment shall be deemed to be denied if proof thereof is demanded and the pleader states either (1) that after reasonable investigation he is without knowledge or information sufficient to form a belief as to the truth of the averment, or (2) that he is without such knowledge or information because the means of proof are within the exclusive control of an adverse party or hostile person. The pleader shall not be required to state what investigation he has made or to rely upon information received from an adverse party or hostile person."

It will be seen that defendant's answer complies with that rule only so far as demanding proof is concerned. His lack of knowledge is based neither on his inability to learn the facts "after reasonable investigation" nor "because the means of proof are within the exclusive control of an adverse party or hostile person". Under Pennsylvania Rule of Civil Procedure 1029($b$), therefore, his general denial and demand for proof has the effect of an admission.

We come to this conclusion with less hesitation because the record of the original suit shows that service was made upon this defendant himself. Reasonable investigation would surely have revealed the outcome of the suit and how the judgment was paid.

Now, September 17, 1951, plaintiff's preliminary objections by way of a motion for judgment on the pleadings or for want of a sufficient affidavit of defense are sustained and judgment is now entered in favor of plaintiff, Truman R. Young and against defendant, Edwin R. Kirk, for $839.01 and costs.